UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
DEBRA BROWER, Individually and on :
Behalf of All Other Persons Similarly Situated, : Case No.:
 :
                      Plaintiff, : COLLECTIVE AND CLASS
 : ACTION COMPLAINT
     -against- : AND JURY DEMAND
 :
THE MARSHALL RETAIL GROUP, LLC, :
 :
               Defendant. :
---------------------------------------------------------------X

## INTRODUCTION

Plaintiff Debra Brower ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint against The Marshall Retail Group, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.* and under New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56(a) through 34:11-56(a)30 (the "NJWHL"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former Assistant Store Managers and similarly situated current and former employees holding comparable positions but different titles (collectively, "Assistant Store Managers") employed by Defendant in the United States, who elect to opt into this action pursuant to the FLSA (the "FLSA Collective"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff also brings this action under the NJWHL pursuant to Fed. R. Civ. P. 23 on behalf of all Assistant Store Managers employed by Defendant at its stores within the State of New Jersey (the "New Jersey Class"). Defendant violated the NJWHL by failing to pay the New Jersey Class overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the New Jersey Class overtime on a timely basis. Plaintiff and the New Jersey Class are entitled to unpaid overtime wages from Defendant for all hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NJWHL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the asserted Rule 23 claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

5. This Court also has jurisdiction over the asserted Rule 23 claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims that they form part of the same case or controversy.

6. The claims of Plaintiff and the members of the FLSA Collective and New Jersey Class involve matters of national and/or interstate interest.

7. Defendant does business in and is subject to personal jurisdiction in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Plaintiff resides in and worked for Defendant in this District, and the violations occurred in this District.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Defendant is a covered employer within the meaning of the FLSA and the NJWHL, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## THE PARTIES

**Plaintiff Debra Brower**

11. Plaintiff was, at all relevant times, an adult individual over the age of eighteen (18), residing in Bayonne, New Jersey.

12. Plaintiff was employed by Defendant from approximately August 2015 until February 2016, as an Assistant Store Manager at Defendant's store located in Newark, New Jersey.

13. Plaintiff regularly worked more than 40 hours in a workweek, but was not paid for any hours she worked over 40.

14. Throughout her employment with Defendant, Plaintiff worked approximately 50 hours per week during the relevant period.

15. Defendant failed to keep accurate records of the hours that Plaintiff worked as an Assistant Store Manager.

16. Plaintiff's consent to join this action is attached hereto as Exhibit A.

**Defendant The Marshall Retail Group, LLC**

17. Upon information and belief, Defendant is a Delaware corporation with its principal places of business located at 3755 W. Sunset Rd., Suite A, Las Vegas, Nevada 89118. According to its website, Defendant is "the nation's largest, independent specialty retailer in the

casino-resort and airport marketplace[] . . . operat[ing] more than 160 stores across the United States and Canada." *See* www.marshallretailgroup.com/about (last visited July 31, 2017).

18. At all relevant times, Defendant was the employer and did employ Plaintiff and the members of the FLSA Collective and the New Jersey Class, within the meaning of the FLSA and NJWHL.

19. At all relevant times, Defendant is a covered employer within the meaning of the FLSA and NJWHL, and has been and continues to be an enterprise engaged in commerce or the production of goods for commerce within the meaning of those laws.

20. At all relevant times, Defendant has had gross revenues in excess of $500,000.00.

21. Defendant issued paychecks to Plaintiff and the members of the FLSA Collective and the New Jersey Class during their employment.

22. Defendant directed the work of Plaintiff and the members of the FLSA Collective and the New Jersey Class, and benefited from work performed that Defendant suffered or permitted from them.

23. Plaintiff and the members of the FLSA Collective and the New Jersey Class worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA and NJWHL.

24. Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiff and the members of the FLSA Collective and the New Jersey Class proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## COMMON FACTUAL ALLEGATIONS

25. Defendant employed Plaintiff and the members of the FLSA Collective and the New Jersey Class as Assistant Store Managers.

26. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiff and the members of the FLSA Collective and the New Jersey Class.

27. The work of Plaintiff and the members of the FLSA Collective and the New Jersey Class was performed in the normal course of Defendant's business and was integrated into that business.

28. Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the members of the FLSA Collective and the New Jersey Class regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and NJWHL.

29. The number of shifts Plaintiff or each individual member of the FLSA Collective and the New Jersey Class worked per week can be ascertained from Defendant's records.

30. Defendant has assigned all of the work that Plaintiff and the members of the FLSA Collective and the New Jersey Class have performed, and Defendant is aware of the work that they have performed.

31. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

32. Throughout the period relevant to this Complaint, Plaintiff and the members of the FLSA Collective and the members of the New Jersey Class performed the same or similar primary job duties including working on the cash registers, stocking shelves, cleaning and straightening the stores, assisting customers, and unpacking merchandise.

33. The primary job duties of Plaintiff and the members of the FLSA Collective and the New Jersey Class did not include: hiring, firing, disciplining, directing the work of other employees, or exercising meaningful independent judgment and discretion.

34.   Plaintiff and the members of the FLSA Collective and the New Jersey Class frequently worked alone, and when not working alone, usually had themselves and only one another associate in the store.

35.   The primary job duties of Plaintiff and the members of the FLSA Collective and the New Jersey Class, did not materially differ from the duties of non-exempt hourly paid employees.  Their primary duties were manual in nature.  The performance of manual labor and non-exempt duties occupied the majority of the working hours of the Plaintiff and the members of the FLSA Collective and the New Jersey Class.

36.   Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified all Assistant Store Managers, as exempt from coverage of the overtime provisions of the FLSA and NJWHL.

37.   Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Assistant Store Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and NJWHL.

38.   Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and the members of the FLSA Collective and the New Jersey Class worked.  Defendant did not provide sufficient money in the labor budgets to cover all the wages necessary to have non-exempt employees complete all of the non-exempt tasks in each store.

39.   Defendant knew or recklessly disregarded the fact that underfunding store labor budgets resulted in Plaintiff and members of the FLSA Collective and New Jersey Class (who were not paid overtime) primarily performing manual labor and non-exempt duties.

40.   By underfunding the store labor budgets, Defendant avoided paying any overtime compensation to the Assistant Store Managers for performing non-exempt activities over 40

6

hours a workweek. The decision to misclassify Assistant Store Managers as exempt was calculated to allow Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

41. Defendant acted willfully and knew, by virtue of the fact that its District Managers and Store Managers (as its authorized agents) actually saw Plaintiff and members of the FLSA Collective and the New Jersey Class perform primarily manual labor and non-exempt duties, and that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

42. Defendant also knew by virtue of its policies concerning scheduling and labor budgets that Plaintiff and members of the FLSA Collective and the New Jersey Class regularly and customarily did not direct two or more employees.

43. As an experienced and practical retailer operating more than one hundred stores throughout the country, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and members of the FLSA Collective and the New Jersey Class (a) were primarily performing non-exempt duties and (b) did not meet the requirements of any exemption to the FLSA and/or NJWHL. Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA and NJWHL, Defendant, accordingly, acted willfully or recklessly in failing to classify Plaintiff and members of the FLSA Collective and the New Jersey Class as non-exempt employees.

44. Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and NJWHL.

45. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and NJWHL with respect to Plaintiff and the members of the FLSA Collective and the New Jersey Class. This policy, pattern and/or practice includes, but it is not limited to, the foregoing knowledge of its obligations and the kind of work that Plaintiff and the members of the FLSA Collective and the New Jersey Class were and have been performing, and that, as a result, Defendant has been:

   a. willfully misclassifying Plaintiff and members of the FLSA Collective and the New Jersey Class as exempt from the overtime requirements of the FLSA and NJWHL;

   b. willfully failing to pay Plaintiff and members of the FLSA Collective and the New Jersey Class overtime wages for hours they worked in excess of 40 hours per week; and

   c. willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt Assistant Store Managers to perform such non-exempt tasks.

46. Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiff and the members of the FLSA Collective and the New Jersey Class in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims on behalf of herself and the FLSA Collective consisting of all persons who are currently or were formerly employed by Defendant as Assistant Store Managers, or comparable salaried positions with different titles, within the United States during the three years prior to the date of filing this Complaint to the entry of judgment in this case.

48. Defendant is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and the members of the FLSA Collective.

49. There are many similarly situated current and former Assistant Store Managers who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

50. The members of the FLSA Collective are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## NEW JERSEY CLASS ALLEGATIONS

51. Plaintiff also sues on her own behalf and on behalf of the New Jersey Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

52. Plaintiff seeks to prosecute her NJWHL claims on behalf of herself and the New Jersey Class consisting of all current and former employees of Defendant who, at any time within the two years prior to the filing of the Complaint through the date of final disposition of this matter, have been employed by Defendant in the position of Assistant Store Managers, or in comparable positions with different titles, within the State of New Jersey and have not been paid for all hours worked as well as overtime wages.

53. Excluded from the New Jersey Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

54. The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not

known, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant and are ascertainable. Upon information and belief, there are at least 100 members of the New Jersey Class.

55. Defendant has acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

56. There are questions of law and fact common to the New Jersey Class that predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

   a. whether Defendant failed and/or refused to pay Plaintiff and the New Jersey Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the NJWHL;

   b. the nature and extent of the class-wide injury and the appropriate measure of damages for the New Jersey Class;

   c. whether Defendant had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New Jersey Class;

   d. whether Defendant furthered its uniform policy and practice of failing to accurately track or record actual hours worked by the members of the New Jersey Class by instructing them: (i) not to track all hours they worked; (ii) not to record overtime hours worked; (iii) failing to provide the members of the New Jersey Class with a method to accurately record the hours they actually worked; and (iv) requiring the New Jersey Class members to under-state the number of hours they actually worked;

   e. whether Defendant's policy and practice of failing to accurately track or record hours worked by the members of the New Jersey Class was willful; and

   f. whether Defendant can prove that its unlawful policies were implemented in good faith.

57. Plaintiff's claims are typical of the claims of the New Jersey Class she seeks to represent. Plaintiff and the other New Jersey Class members work or have worked for Defendant

and have been subjected to Defendant's policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendant acted and refused to act on grounds generally applicable to the New Jersey Class, thereby making declaratory relief with respect to the New Jersey Class appropriate.

58. Plaintiff has the same interests in this matter as all other members of the New Jersey Class, and her claims are typical of the New Jersey Class and thus would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

59. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation.

60. A class action is superior to other available methods for the fair and efficient adjudication of the NJWHL claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

61. The members of the New Jersey Class have been damaged and are entitled to recovery because of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual New Jersey Class members are not *de minimus,* such damages are small compared to the expense and burden of bringing individual cases.

62. Class treatment of the New Jersey Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendant's practices.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES**
**(On behalf of Plaintiff and the FLSA Collective)**

63. Plaintiff, individually and on behalf of the members of the FLSA Collective, realleges and incorporates by reference the preceding paragraphs.

64. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, each of the members of the FLSA Collective within the meaning of the FLSA.

65. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective and Class Action Complaint.

66. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

67. At all relevant times, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendant.

69. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. At all times relevant, Plaintiff and the members of the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71. At all relevant times and continuing to the present time, Plaintiff and the members of the FLSA Collective worked more than 40 hours in workweeks and Defendant had a policy and practice of refusing to pay overtime compensation to its Assistant Store Managers for hours worked in excess of 40 hours per workweek.

72. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the members of the FLSA Collective, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the members of the FLSA Collective, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

74. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiff and the members of the FLSA Collective were primarily performing manual labor and non-exempt tasks.

75. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and members of the FLSA Collective, Defendant's actual knowledge, through their District Managers and Store Managers, that the primary duties of Plaintiff and the members of the FLSA Collective were manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of the job duties of Plaintiff and the members of the FLSA Collective to ensure that they were performing exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiff and the members of the FLSA Collective to record all hours worked, and Defendant's failure to post or keep posted a notice explaining the minimum wage

and overtime wage requirements, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

76. As a result of Defendant's FLSA violations, Plaintiff, individually and on behalf of the members of the FLSA Collective, is entitled to recover from Defendant (a) their unpaid wages for all of the hours worked by them, as overtime compensation, (b) an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), with such amounts to be determined at trial or through undisputed record evidence.

77. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**NJWHL: UNPAID OVERTIME WAGES**
**(On behalf of Plaintiff and the New Jersey Class)**

78. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

79. Defendant engaged in a widespread policy, pattern or practice of violating the NJWHL, as described in this Collective and Class Action Complaint.

80. Defendant's violations of the NJWHL, as described in this Collective and Class Action Complaint, has been willful and intentional.

81. At all times relevant, Plaintiff and the members of the New Jersey Class were employees and Defendant was an employer within the meaning of NJWHL.

82. Defendant employed Plaintiff and the members of the New Jersey Class in New Jersey within the meaning of the term "employ[s]" in the NJWHL.

83. Plaintiff and the members of the New Jersey Class are "person[s]" within the meaning of in the NJWHL.

84. Plaintiff and the members of the New Jersey Class were persons suffered or permitted to work by Defendant, all as further alleged herein.

85. At all materials times, Plaintiff and the New Jersey Class members are not and have not been independent contractors or subcontractors.

86. The members of the New Jersey Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendant's common policy and practice, implemented throughout New Jersey, of failing to credit and pay them overtime compensation in violation of the NJWHL.

87. The overtime wage provisions of the NJWHL apply to Defendant and protect the Plaintiff and the New Jersey Class members.

88. Plaintiff and the New Jersey Class members worked more than 40 hours in workweeks during the relevant period, and Defendant failed to pay Plaintiff and the other members of the New Jersey Class the overtime wages for hours worked in excess of 40 hours in workweeks to which they are entitled under the NJWHL.

89. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the New Jersey Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

90. By Defendant's knowing or intentional failure to pay Plaintiff and the members of the New Jersey Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NJWHL.

91. Due to Defendant's violations of the NJWHL, Plaintiff and the New Jersey Class members are entitled recover from Defendant their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NJWHL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the members of the FLSA Collective and the New Jersey Class are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the New Jersey Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and her counsel to represent the members of the New Jersey Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJWHL;

d. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and NJWHL using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and NJWHL;

f. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action, an award of reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff, members of the FLSA Collective, and the members of the New Jersey Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated: August 1, 2017
New York, NY

Respectfully submitted,

*/s/ Michael Palitz*

_____
Michael Palitz
E-mail: mpalitz@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
830 3rd Avenue, 5th Floor

New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831

Paolo C. Meireles
E-mail: pmeireles@shavitzlaw.com
Gregg I. Shavitz*
E-mail: gshavitz@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiff, the FLSA Collective, and the New Jersey Class*

*Pro hac vice* motion to be filed.

18

# Exhibit A

## CONSENT TO JOIN FORM

  1. I consent to be a party plaintiff in a lawsuit against Defendant(s),  Marshall Retail Group, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

  2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

  3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*DocuSigned by:*
*Debra Brower*
386BB7089672435...

Signature

Debra Brower

Print Name